UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. BENDER, | No. C-10-05333-DMR |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEYS' FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT** |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant(s). | |

Plaintiff Robert Bender moves the court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees after securing a remand to the Social Security Administration ("SSA") in this matter on September 6, 2011. *See Bender v. Astrue*, No. 10-5333 DMR, 2011 WL 3903217 (N.D. Cal. Sept. 6, 2011) [Docket No. 25]. Defendant Commissioner opposes the motion. For the reasons given below, the court grants Plaintiff's motion in part and denies it in part.

**I. Background and Procedural History**

Plaintiff applied for Supplemental Security Income ("SSI") disability benefits on May 3, 2006. The SSA denied his application on August 28, 2006. He submitted a request for reconsideration, which the SSA denied on May 15, 2007. He then appealed to an administrative law judge ("ALJ"), who affirmed the denial on June 27, 2008. The Appeals Council denied Bender's request for review on August 19, 2010, leading him to file this action. [Docket No. 1.]

1  After review of both parties' motions for summary judgment and the administrative record, [*see* Docket Nos. 19, 23], the court granted Bender's motion in part on November 6, 2011 and remanded the case to the SSA for further proceedings. *Bender*, 2011 WL 3903217, at *4. In its order, the court found that the ALJ had improperly evaluated the medical opinions in the administrative record. The ALJ disregarded a report by a consultative examining physician and based his findings on that of a non-examining physician without providing specific and legitimate reasons for doing so, as required by law. *Id.* Plaintiff timely filed the pending application for attorneys' fees on November 18, 2011. [Docket No. 29.]

### III. Applicable Law

The EAJA provides, in relevant part, that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

§ 2412(d)(1)(A). Thus, to obtain a fee award requires "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; [and] (3) that no 'special circumstances make an award unjust.'" *Comm'r v. Jean*, 496 U.S. 154, 158 (1990).

#### A. Prevailing Party Status

The court deems a party prevailing if the party demonstrates that "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the plaintiffs' claim." *Andrew v. Bowen*, 837 F.2d 875, 877-78 (9th Cir. 1988) (citation omitted). In the present case, Defendant concedes (Def.'s Mem. of P. & A. in Opp'n to Pl.'s Mot. for Att'y's Fees Under the EAJA ("Def.'s Opp'n") 2), and the court agrees, that Plaintiff qualifies as a prevailing party because his suit secured a remand of the SSA's final administrative decision. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993).

#### B. Substantial Justification

The court finds a government's position substantially justified if the government can prove that its position has "'reasonable basis in law and fact.'" *Hardisty v. Astrue*, 592 F.3d 1072, 1079

(9th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *accord Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 19945) (citation omitted). This analysis focuses on "the particular issue on which the claimant earned remand" and not on whether the government's ultimate determination was substantially justified. *Hardisty*, 592 F.3d at 1078 (citation omitted). Furthermore, its scope must incorporate, "'the action or failure to act by the agency upon which the civil action is based'" in addition to the subsequent litigation. *Id.* at 1076-77 (quoting § 2412(d)(2)(D)); *accord Andrew*, 837 F.2d at 878 (citation omitted).

Defendant highlights two facts to support its contention that it took a substantially justified position in its determination that Plaintiff should not receive SSI disability benefits. First, Defendant notes that the court found in the government's favor when analyzing most of Plaintiff's arguments. (Def.'s Opp'n 3.) Second, Defendant asserts that, "even though the Court found that the ALJ erred by not properly evaluating Dr. Amelon's [the consultative examining physician] opinion, Plaintiff did not forward this argument in her [sic] Opening Motion for Summary Judgment." (Def.'s Opp'n 4.) According to Defendant, because Plaintiff did not "put [the Commissioner] on notice that Dr. Amelon's particular opinion was at issue," the court did not need to adjudicate the issue, and "it was reasonable for the Commissioner to defend the case only on issues that Plaintiff actually raised." (Def.'s Opp'n 4.)

Defendant is incorrect. As already stated, the court may not turn a blind eye to the government's administrative actions and evaluate only the government's behavior during the ensuing litigation, as Defendant's focus on Plaintiff's moving brief suggests. *See Hardistry*, 592 F.3d at 1076-77. The court instead must examine the specific issue upon which it granted remand. *See id.* at 1078. The court remanded this action to the SSA because the government summarily ignored record evidence from an examining physician and based its determination on the testimony of a non-examining physician. *Bender*, 2011 WL 390217, at *4. Such errors unambiguously violate case law, regulations, and the SSA's internal policy interpretations. *See Reddick v. Chater*, 157 F.3d 821, 830 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); 20 C.F.R. § 416.927(d); SSR 96-2p, 1996 WL 374188. Under no circumstances could Defendant substantially justify ignoring portions of the record and weighing evidence in a manner that did not comport with

governing law. *See Lewis*, 281 F.3d at 1085; *Yang*, 22 F.3d at 217. Because Plaintiff is a prevailing party, the government's position was not substantially justified, and no special circumstances appear to make an award unjust, the court finds Bender entitled to an award of attorneys' fees under the EAJA.

### IV. Attorneys' Fees

When awarding a party attorneys' fees pursuant to the EAJA, the court must determine the reasonableness of the fees sought. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation marks omitted). The court may reduce an award if it finds that the movant has provided inadequate documentation of the fees requested, that the hours spent by counsel were unreasonable, or that the movant achieved "limited success" in the litigation. *Id.* at 1146-47 (citing *Hensley*, 461 U.S. at 433-34, 436-37) (quotation marks omitted).

The Supreme Court has established a process for evaluating a party's limited success. In relevant part, the court determines "whether the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 1147 (quoting *Hensley*, 461 U.S. at 434) (quotations marks omitted) (brackets in original). During this inquiry, the court "should focus on the significance of the overall relief obtained . . . in relationship to the hours reasonably expended on the litigation. . . . Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . A plaintiff may obtain excellent results without receiving all the relief requested." *Id.* (citations and quotation marks omitted). Nevertheless, the Supreme Court has cautioned that on occasion the achievement of a prevailing party "may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) (citation and quotation marks omitted).

Defendant does not contest the statutorily mandated hourly rate adjusted for cost of living, *see* § 2412(d)(2)(A); *Sorenson*, 239 F.3d at 1148, which Plaintiff has calculated his attorneys' fees -- $175 per hour in 2010 and $179 per hour in 2011. (*See* Def.'s Opp'n 5.) However, it insists that the

1  court should trim the hours that Plaintiff reasonably spent on the case, because "Plaintiff's [motion
2  for summary judgment] failed to put forward the argument which served as the basis for remand,"
3  which Defendant believes rendered the briefing "almost entirely unnecessary." (Def.'s Opp'n 5.)
4  Defendant thus asks the court to reduce the EAJA fees "to account for unnecessary briefing on
5  issues which were not adjudicated or were found in the Commissioner's favor." (Def.'s Opp'n 5.)

Plaintiff's attorney spent 2.6 hours on the case-in-chief in 2010 and 20.8 hours in 2011. (Weatherhead Decl. Ex. 1, Nov. 18, 2011.) He also spent 9.0 hours in 2011 attempting to come to a fee settlement agreement with the government and, ultimately, briefing the present motion. (Weatherhead Decl. Ex. 1; Supp. Weatherhead Decl., Dec. 23, 2011.) *See Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991) (holding that "the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification"). Counsel worked 9.6 hours in 2011 drafting the motion for summary judgment. (Weatherhead Decl. Ex. 1.) After thoroughly examining the record, the court trims the hours for drafting the motion by 50 percent to 4.8 hours. Although the motion mentioned the issue upon which Plaintiff secured remand -- namely the incorrect weighing of physician testimony and the mistreatment of Dr. Amelon's report -- the bulk of the motion contained unmeritorious arguments. Moreover, the argument that secured Plaintiff remand did not discuss the administrative error with precision or particularity. The court therefore grants Plaintiff attorneys' fees worth 2.6 hours in 2010 at a rate of $175 per hour and 25 hours in 2011 at a rate of $179 per hour, for a total of $4,930.

**V. Conclusion**

For the reasons above, the court grants in part and denies in part Plaintiff's Motion for Attorneys' Fees Under the EAJA. The court awards Plaintiff fees in the amount of $4,930. This fee will be paid to Plaintiff's attorney, upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527 (2010) (holding that EAJA awards fees to litigant, subjecting fee calculation "to a federal administrative offset if the litigant has outstanding federal debts"). If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney. The

Commissioner shall notify Plaintiff and his attorney within 21 days of this order if it contends that Plaintiff has debt which qualifies for an offset against the awarded fees, as well as the basis for that contention.

IT IS SO ORDERED.

Dated: January 12, 2012

_____
DONNA M. RYU
United States Magistrate Judge